ROYAL INSURANCE COMPANY, LIMITED, a corporation of the Kingdom of Great Britain,

*vs.*

LOUIS SIMON, SWIFT & COMPANY, an Illinois corporation, MORRIS SHANIS, CHARLES Y. FOX, ELI S. DAVIS and WILLIAM A. LINDSEY, trading as Githens, Remsamer and Company, INDUSTRIAL TRUST COMPANY, a Delaware corporation, SECURITY TRUST COMPANY, a Delaware corporation, WORKINGMEN'S SELF HELP ASSOCIATION, INC., a Delaware corporation, KRAMEDAS-HUDSON CO., INC., a Delaware corporation, CIROALO-VASSALLO AND KRAMEDAS, INC., a Delaware corporation, WILMINGTON PROVISION COMPANY, a Delaware corporation, RICE ADJUSTMENT BUREAU and PERCY WARREN GREEN.

*New Castle, April 27, 1934.*

*John B. Jester*, for Industrial Trust Company.

*Percy Warren Green, in propria persona.*

THE CHANCELLOR: In this case answers to the bill have been filed on behalf of ten defendants. The answers do not contest the propriety of the bill. An interlocutory decree that the defendants interplead is therefore in order.

The practice appears to have grown up in interpleader

suits of entering an order forthwith upon the filing of the bill that the property in dispute, if it be money, be paid into 'court and at the same time to order subpœnas upon the defendants and that upon service thereof the defendants interplead between themselves. Such an order was entered in this case immediately upon the filing of the bill. The practice which has thus developed is not in accord with the old procedure and is calculated in some cases to involve the progress of the cause in tangled confusion. Countenancing as it does an interlocutory decree for the defendants to interplead before they are afforded an opportunity to be heard, it deprives them of the opportunity which is certainly theirs to challenge the right of the complainant to call upon them to interplead. "The defendants or either of them," says Justice Story, "are at liberty to contest and deny the allegations in the bill, or to set up distinct and independent facts in bar of the suit." *Story, Equity Pleading,* (*6th Ed.*), § 297a. See, also, *Daniell, Chancery Pleading and Practice,* (*4th Am. Ed.*), *Vol.* 2, *p.* 1568, *n.* 4. If the practice which has developed in this State continues to be followed, the case may arise some day when upon objection duly made the forthwith order or interlocutory decree will have to be set aside and a new start made for the accommodation of the defendants' rights; or, if a defendant, observing that he had been ordered to interplead before ever having been given an opportunity to contest the bill, should ignore the proceedings and a final decree should be entered, the question might be a serious one of whether he would be bound by the court's final awarding of the fund. Whether he would be or not, I do not undertake to say. Practice which has evolved from generations of experience should never be lightly discarded. Often times what appears to be merely technical, will be found upon examination to strike its roots deep in the soil of fundamental principle. The practice which has grown up in interpleader suits, while not having occasioned difficulty thus far, should be abandoned and the old course of procedure restored. If the

present practice does not violate the rule which forbids that decrees and judgments be not entered before an opportunity is afforded of being heard, it certainly is characterized by a looseness which is always pregnant with the possibility of confusion in procedure.

No harm has been done in this particular case by the order entered upon the filing of the bill. The defendants appeared and answered. Their answers are such that the propriety of the bill must be conceded. They practically admit that the complainant is entitled to an interlocutory decree. An order will therefore be entered by me directing that the order entered on the filing of the bill stand as an interlocutory decree directing the defendants to interplead as though the same had been entered after answers.

One other matter needs to be provided for. When the defendants answered the bill and in substance admitted that the complainant was entitled to have them interplead among themselves, the complainant thereupon, having paid the money into court, dropped out of the litigation. The answers set up the respective claims of the defendants. The cause was then submitted to me. No opportunity however has been afforded the defendants to challenge the facts which the interpleading opponents or any of them set up as the basis of their respective claims. Perhaps there is no desire on the part of any defendant to contest the facts on which rests the claim of any of his adversaries. But the pleadings have not been so directed as to show this to be so. The order which I have above indicated I will enter, will contain additional provisions to the effect that any defendant who desires to contest the claims of any other defendant shall file appropriate pleadings for that purpose on or before a designated day, and in default thereof the facts as set forth in the respective answers will be taken as true. This is on the theory that each defendant is to be regarded as a complainant against his co-interpleading defendants, and in the absence of contesting pleadings the cause should be considered as being before the Chancellor in analogy to one that is heard on bill and answer.

I was in the course of deciding this cause when the questions which this memorandum deals with occurred to me. I deemed it best to lay it aside until the pleadings could be brought into some semblance of order, embracing the opportunity at the same time to express my views upon the proper procedure to be pursued in bills of the pending type.

NOTE.—For opinion after further and final hearing, see *post* p. 297.